UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2281-D

**Salito Marques Good**,

        Petitioner,

v.

**Justin Andrews**,

        Respondent.

**Memorandum & Recommendation**

On November 30, 2015, petitioner Salito Marques Good ("Good"), a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (D.E. 1). The matter is before the court for a preliminary review under 28 U.S.C. § 2243. For the following reasons, the undersigned recommends that the court dismiss this action without prejudice.

**I.     Background**

On January 20, 2005, petitioner was convicted after a jury trial in the United States District Court for the Middle District of North Carolina of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *United States v. Good*, 170 F. App'x 820, 820 (4th Cir. 2006) (per curiam) (unpublished). On May 24, 2005, the court found that Good was an "armed career criminal" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), and sentenced him to 252 months' imprisonment. *Id.* Good appealed, and on February 22, 2006, the United States Court of Appeals for the Fourth Circuit affirmed his sentence. *Id.* at 823. Good then petitioned the United States Supreme Court for a writ of certiorari, which was denied on June 19, 2006. Pet at 2, D.E. 1.

On March 9, 2007, Good filed a § 2255 motion in his criminal case, which the court denied on October 26, 2007. *Good v. United States*, No. 1:04CR330–1, 2007 WL 3226163, at *1 (M.D.N.C. Oct. 26, 2007). On October 19, 2010, the Fourth Circuit Court of Appeals denied Good's request for authorization to file a second § 2255 petition. *See Good v. Stephens*, No. 5:11-HC-2041-D (E.D.N.C.), D.E. 6. Good then filed a § 2241 petition in this court, which was dismissed by Chief United States District Judge James C. Dever, III on October 4, 2011. *Id.*

Good filed the instant petition on November 30, 2015, in which he alleges that his sentence is invalid in light of *Johnson v. United States*, 135 S.Ct. 2251 (2015).[1] On May 2, 2016, the Fourth Circuit allowed Good to file a second or successive § 2255 motion. *See United States v. Good*, No. 15–388 (4th Cir. May 2, 2016). In light of this authorization, Good filed a motion under § 2255 in his sentencing court on May 10, 2016. *United States v. Good*, No. 1:04-CR-00330-NCT-RAE (M.D.N.C. May 10, 2016), D.E. 86. In his authorized successive § 2255 petition, which is still pending, Good again argues that his sentence is invalid in light of *Johnson*.

## II. Initial review pursuant to 28 U.S.C. § 2243

"Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous." *Cottle v. Bell*, 229 F.3d 1142, at *1 (4th Cir. 2000) (unpublished table opinion) (per curiam). "Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." *Id.; see also I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (collecting cases); *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 207 n.6 (4th Cir. 2006) (as part of its general power to administer its docket, the district court may stay or dismiss a suit that is duplicative of

---

[1] On June 26, 2015, the Supreme Court decided *Johnson*, which held that a portion of the ACCA was unconstitutionally vague. *See* 135 S. Ct. at 2558. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), which held that *Johnson* applied retroactively on collateral review. *Id.* at 1265.

2

another federal court suit) (citing *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 463 (4th Cir. 2005)).

Here, Good seeks the same relief in his § 2241 petition before this court as he seeks in his § 2255 motion presently pending in his sentencing court. In both motions Good argues that he was improperly sentenced in light of *Johnson*. There is no substantive difference between the two suits. Thus, the court concludes that dismissal of this petition without prejudice is appropriate. *See e.g.*, *Cheatham v. Must*, 554 F. App'x 245, 245 n.* (4th Cir. 2014) (per curiam) (if district court determines two cases may be duplicative it may consolidate them or dismiss the case); *Harrison v. South Carolina*, 126 F. App'x 100, 101 (4th Cir. 2005) (per curiam); *Powell v. Warden, Madison Corr. Inst.*, No. 1:11-cv-162, 2011 WL 2848331 at *1 (S.D. Ohio. June 22, 2011) (unpublished); *Crowe v. S.C. Dep't of Corr./Classification*, C/A No. 4:08–2551-CMC-TER, 2008 WL 4924805, at *3 (D.S.C. Nov. 13, 2008) (unpublished). The court is aware that the § 2241 motion was filed prior to the § 2255 motion; however, the court should exercise its discretion to dismiss the § 2241 petition based on the circumstances of this case. *See Nutrition and Fitness, Inc. v. Blue Stuff, Inc.*, 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003) (district court may exercise its discretion to dismiss the suit first filed with it in favor of the later-filed suit if it determines circumstances warrant). Specifically, the court finds that the issues raised by Good are most appropriately addressed by the sentencing court. Thus, the undersigned recommends that the court dismiss Good's petition without prejudice.

III.    **Conclusion**

In sum, the undersigned recommends that the court dismiss Good's petition without prejudice.

3

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: September 13, 2016

_____
Robert T. Numbers, II
United States Magistrate Judge